## DARR *v*. KEMPE.

Decided January 3, 1891.

*Mortgage—Description of crop.*

    A mortgage of all the cotton to be raised " on five acres of land situated on or in the south portion" of a certain field on a farm does not include cotton grown on five acres in the north part of the field, though that is the only cotton grown in the field.

APPEAL from *Pope* Circuit Court.

G. S. CUNNINGHAM, Judge.

*J. E. Joyner* for appellant.

BATTLE, J.   On the 23d of November, 1887, Sam Moore executed to John Kempe a mortgage on property described in the mortgage as follows:   "All the crop of cotton which I may raise or in which I may in any manner have an interest for the year 1888 on five acres of land situated on or in the south portion of the west field on my own farm in Wilson township, Pope county, Arkansas."   On the 24th of November, 1888, John Kempe, claiming under this mortgage, brought an action of replevin against E. A. Darr for the recovery of two bales of cotton.   On the trial in this action it was proved that Sam Moore owned a farm in Wilson township, in Pope county, in this State; that the west field of this farm contained fourteen acres; that nine acres of this field lying along the southern fence were planted in corn in 1888; that cotton was grown on the other five acres in that year; that these five acres are in the northern part of the field and lie along the northern fence; that of the five acres Moore cultivated only three, and a tenant tilled the other two; that in the two bales in controversy there were 545 pounds of lint cotton raised by Moore on the three acres in 1888; that this lint cotton was worth 9 cents a pound; and that Moore sold the two bales of cotton in controversy to Darr for the sum of $81.   Upon this evidence Kempe recovered judgment against Darr for the sum of $49.65, and Darr appealed.

Mortgage—
Description of
crop.

Appellant contends that the judgment is not sustained by the evidence. This is true. The property described in the mortgage, under which Kempe claimed, was not that in controversy. It is true that this court held in *Watson* v. *Pugh*, 51 Ark., 218, that a mortgage on property described as "eight bales of cotton weighing 500 pounds each, of the crop" which the mortgagor should raise in a certain place, is not void for uncertainty when the whole crop raised in the designated locality did not amount to eight bales, and that the description in the mortgage was sufficient to hold the cotton raised. But the facts in this case are different. In this case there was no cotton raised in the locality designated, and the description in the mortgage was not sufficiently comprehensive to include the cotton in controversy. The cotton described and that in controversy are entirely different. They are not the same, not because the description in the mortgage is insufficient, but because it is essentially different from that of the cotton sued for in this action. There was nothing in the mortgage to indicate that there was a mistake made in the description of the property intended to be described. To hold that the cotton in controversy was meant, the description in the mortgage would have to be rejected and another substituted. With equal propriety it might be said that the corn raised in the southern portion of the field was intended.

As against Darr, Kempe had no right to the cotton in controversy.

Reversed and remanded.