## BAER *v.* WHITTAKER.

### Opinion delivered January 7, 1893.

*Mortgage of mule—Description.*

A mortgage which conveyed "two dark colored horse mules" on the mortgagor's place, there being several of that description on the place at the time, will not include a mule of that description which the mortgagor had recently acquired, had not taken into his possession, and had never had on his place.

Appeal from Logan Circuit Court.

HUGH F. THOMASON, Judge.

H. Baer, as trustee, brought suit in replevin against Thomas Whittaker to recover possession of a mule. The facts are stated in the opinion. Judgment was recovered by defendant. Plaintiff has prosecuted an appeal, and assigns as error certain instructions given by the court.

*Anthony Hall, Sandels & Hill* and *Preston C. West* for appellant.

HEMINGWAY, J. The plaintiff sued to recover a mule, which was described in the affidavit for replevin as "a brown mule, eight years old, about fifteen hands high, branded $\frac{P}{F}$ on left shoulder, named Potts." His

claim was founded upon a mortgage which the defendant insisted did not embrace the mule in controversy. The mortgage was designed to transfer a number of mules, described in it; but the only description that could apply to the mule in controversy is in the following language: "Two dark colored horse mules." This language in no manner distinguishes the particular mules intended from all the other brown horse mules, of which there are many, and the mortgage, to make the description more definite and the identification more complete, recites that all the personal property it contained was on the mortgagor's place in Logan county; so that while the mortgage does not distinguish the brown horse mules intended from others of that description on the mortgagor's place, if any there were, it does identify them as being upon that place, and thereby distinguishes them from all not upon it. But the mortgagor had just acquired his claim to the mule in controversy, had not taken actual possession of it, and had never had it on his place. It does not, therefore, come within the description of the mortgage; not because the description in the mortgage is too vague, indefinite or uncertain, but because it describes mules that are different from the one in suit. *Kempe* v. *Darr*, 54 Ark. 91. It follows that plaintiff established no right to the mule, and could therefore have suffered no prejudice by the court's charge to the jury.

Affirm.