No. 21,704.

THE FARMERS AND MERCHANTS NATIONAL BANK, *Appellee,* v.
SCOTT SPROUT, as Sheriff, etc., and THE HUTCHINSON
WHOLESALE GROCERY COMPANY, Intervener, *Appellants.*

SYLLABUS BY THE COURT.

BILL OF LADING — *Transferred to Bank by Indorsement — Credit Given
Shipper—Title to Goods Vested in Bank—No Attachable Interest Re-
mained in Shipper.* In the year 1916, a California shipper delivered
to a carrier goods for transportation to Hutchinson, Kan. The car-
rier issued to the shipper an order bill of lading, with a notation to
notify a Hutchinson dealer. The shipper drew drafts on the dealer,
attached to them the bill of lading properly indorsed, delivered them
to a bank, and received credit on its checking account with the bank
for the face of the drafts. The bank expected to charge interest dur-
ing the suspension period, and to charge back the drafts in case of
necessity. The drafts were dishonored. The dealer sued the shipper
for damages for breach of contract, and attached the goods while in
possession of a terminal carrier at Hutchinson, and garnished the
terminal carrier. The bank replevined the goods. After obtaining
possession of the goods, the bank, at the request of the shipper, de-
livered the bill of lading to the terminal carrier, and the shipper di-
verted the goods to Philadelphia, Pa. The dishonored drafts were
returned to the shipper, who delivered to the bank new drafts on the
Philadelphia consignee, but received no credit for them. The attach-
ing dealer intervened in the replevin suit, and set up the attachment
and garnishment proceedings. *Held,* negotiation of the bill of lading
by the shipper vested in the bank title to the goods and right of posses-
sion. No attachable interest remained in the shipper, and the attach-
ment being barren, the dealer had no standing to require the bank to
account for the goods, or any excess in value over the face of the
original drafts.

Appeal from Reno district court; FRANK F. PRIGG, judge.
Opinion filed March 8, 1919. Affirmed.

*W. G. Fairchild,* and *H. S. Lewis,* both of Hutchinson, for
the appellants.

*Frank L. Martin, Van M. Martin, John M. Martin,* and
*Walter F. Jones,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one of replevin, brought by the
holder of a bill of lading to recover two carloads of beans
which had been taken from the possession of the carrier by the

sheriff, under a writ of attachment. The attaching claimant intervened. The plaintiff recovered, and those adverse to it appeal.

The Newmark Grain Company, of Los Angeles, Cal., delivered the beans to the Southern Pacific Railroad Company for transportation to Hutchinson, Kan. The carrier issued to the shipper an order bill of lading with a notation to notify the Hutchinson Wholesale Grocery Company, inspection allowed. The shipper drew drafts on the grocery company, attached to them the bill of lading properly indorsed, delivered them to the plaintiff, and was given credit for the face of the drafts on its checking account with the plaintiff. The transaction between the shipper and the plaintiff conformed to the usual course of business, the plaintiff expecting to charge interest while the drafts were in process of collection, and expecting to look ultimately to the shipper for reimbursement of the sum advanced on the drafts, in case of necessity. The drafts were dishonored. After the plaintiff procured possession of the beans by means of the writ of replevin, it delivered the bill of lading, at the request of the shipper, to the Missouri Pacific Railroad Company, the terminal carrier, and the shipper diverted the beans to Philadelphia, Pa. The dishonored drafts were delivered to the shipper, and new drafts on the Philadelphia consignee were given the plaintiff, but the shipper was not credited with the new drafts, and at the time of the trial they had not been paid.

The beans were forwarded to Hutchinson to fill a contract between the shipper and the grocery company. After inspection, the beans were rejected. The grocery company then sued the shipper for damages, and attached the beans and garnished the Missouri Pacific Railroad Company. Service on the shipper was made by publication. The railroad company answered that it had possession of the beans, but suffered the sheriff to take and keep them, without contest. The garnishee further answered that the present plaintiff claimed a special interest in the beans by virtue of the bill of lading, and prayed that the present plaintiff be impleaded. The grocery company intervened in the replevin action, and set up the attachment and garnishment proceedings. There was evidence that the beans were worth seven cents per pound, so that the value of the shipment exceeded the face of the original drafts by about $375.

The drafts were not taken for collection only. The interest to be paid during the suspension period was in effect discount, and the reserved right to charge back the drafts was a right which attaches to commercial paper to protect it, and not to defeat it. (*Ladd & Tilton Bank v. Commercial State Bank,* 64 Ore. 486, 490.) The negotiation of the bill of lading vested in the plaintiff all the title to the property which the shipper possessed. If the drafts had been paid, surrender of the bill of lading would have carried full title and right of possession to the grocery company. Not having been paid, the title and right of possession which would have passed to the grocery company remained in the plaintiff. This is the legal effect of the transaction between the shipper and the plaintiff, whether it be regarded as a purchase of the goods or as a pledge of them to secure an indebtedness, and no attachable interest remained in the shipper. The purpose of an attachment is to seize and hold property of a debtor, and to appropriate it to satisfaction of the creditor's claim when established. When the debtor could not himself, as in this instance, claim either title or possession as against the holder of the bill of lading, the attachment is utterly barren. The creditor takes nothing, because his debtor had nothing which attachment of the property could reach. A case not identical, but quite similar in its facts, is that of *Walsh & Co. v. First Nat. Bank,* 228 Ill. 446. Other attachment and garnishment cases in which the principles involved have been discussed and applied are: *National Bank of Webb City v. Everett,* 136 Ga. 372; *Savings Bank v. Mowery,* 149 Iowa, 114; *Ladd & Tilton Bank v. Commercial State Bank,* 64 Ore. 486; *Buckeye Nat'l Bank v. Huff,* 114 Va. 1; *American Thresherman v. Citizens Bank,* 154 Wis. 366.

The railroad company, not the plaintiff, was garnished, and, not having any lien on the property, nor even a judgment liquidating its claim against the shipper, the intervener has no standing to call on the plaintiff for an accounting, and it is not important what has become of the beans, no fraud having been alleged or proved.

The judgment of the district court is affirmed.