No. 22,214.

M. W. CARDWELL, doing business as M. W. CARDWELL GRAIN COMPANY, *Appellee*, v. A. H. BENNETT et al., Partners as THE BENNETT COMMISSION COMPANY, *Appellants*.

### SYLLABUS BY THE COURT.

SALE — *Wheat — Recovery of Overpayment by Purchaser*. The facts touching the sale of a carload of wheat and the details concerning the payment therefor, considered; and a judgment in favor of the purchaser for the amount of overpayment affirmed.

Appeal from Shawnee district court, division No. 1; ROBERT D. GARVER, judge. Opinion filed June 7, 1919. Affirmed.

*Eugene S. Quinton*, of Topeka, for the appellant.

*Tinkham Veale*, of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff and defendant are dealers in grain, and their present controversy grows out of the purchase and sale of a carload of wheat.

On July 17, 1917, plaintiff purchased from defendant a carload of No. 2 hard wheat at $2.39 per bushel. Defendant made delivery on July 19, 1917, by handing to plaintiff the bill of lading therefor, and at the same time received plaintiff's check for $3,375 in payment.

When the wheat was officially inspected, it developed that the grain was No. 2 red winter wheat, instead of No. 2 hard wheat, and such red winter wheat was worth only $2.09 per bushel; and this lawsuit is for the recovery of the overpayment.

Defendant contends that the contract of purchase and sale was canceled because the plaintiff's check was dishonored at the bank. Plaintiff, however, testified that at the time he gave defendant the check he told the latter he had only about

$2,100 in the bank, but that he had already sold the wheat and would have ample funds in the bank by next morning, and that if defendant would deposit the check in the bank where defendant usually did business and let it arrive at plaintiff's bank in the usual course of business, the check would be duly honored. Plaintiff's testimony is that defendant accepted the check upon that understanding. For some reason not disclosed in the record, defendant did not hold the check until next morning, but dispatched his son to the bank to have the check certified. This being refused by the bank, defendant returned the check and demanded a surrender of the bill of lading. Meantime, the wheat had been sold to the Young Grain Company, and by that company had been sold to the Golden Belt Grain Company. In such transactions, title to carloads of wheat passes by delivery of the bill of lading. Meantime, also, the check of the Golden Belt Grain Company for $3,375 had been delivered to the plaintiff, and when defendant returned to the plaintiff's office, and gave back the dishonored check, the plaintiff, after some futile discussion, offered defendant the check of the Golden Belt Grain Company. This he declined, and, as banking hours were past for that day, nothing further was done. Next morning defendant again appeared at plaintiff's office, and accepted the check of the Golden Belt Grain Company which plaintiff had tendered him the preceding evening.

Defendant's demurrer to plaintiff's evidence was overruled; judgment for plaintiff was entered; and defendant appeals.

The foregoing statement leaves practically nothing to discuss. The plaintiff's evidence—which the trial court saw fit to believe—showed that the defendant accepted in payment a check which plaintiff would not have sufficient funds to meet until the next day, and that defendant agreed to deposit that check in his own bank so that, in the usual course of business, it would not arrive in the plaintiff's bank until he should have an opportunity to collect his pay on a resale of the wheat and deposit the same in bank to meet the check he had given to defendant. Counsel for defendant inveighs against this sort of practice—"kiting checks"; but plaintiff need not be lectured about that practice in this instance, seeing that defendant agreed to it.

A somewhat tenuous argument is made that defendant's later acceptance of the Golden Belt Grain Company's check

was on account, and not as payment for the carload of grain. But it takes two people to make a bargain, and plaintiff never assented to that proposition. Moreover, defendant took the check and cashed it. It was for a sum considerably in excess of the market value of the wheat he sold to plaintiff, and the defendant must repay that excess. (See *Saylor v. Crooker*, 97 Kan. 624, Syl. ¶ 4, 156 Pac. 137; *Parrick v. School District*, 100 Kan. 569, 573, 164 Pac. 1172.)

The judgment is affirmed.