No. 22,332.

FRED LAMPL and BEN LAMPL, Partners as THE LAMPL PRODUCE COMPANY, *Appellees*, v. S. J. HAWKINS et al. (THE AMERICAN STATE BANK OF WICHITA, Garnishee, *Appellee*, THE FIRST NATIONAL BANK OF RUPERT, IDAHO, Intervener, *Appellant*).

SYLLABUS BY THE COURT.

1. BILL OF LADING—*Transferred to Bank by Indorsement—Credit Given Shipper—No Garnishable Interest Remained in Shipper.* Where a shipper of goods by rail draws a draft on the consignee in favor of a bank, and surrenders the bill of lading to the bank, and receives credit from the bank for the value of the draft, and the draft with the bill of lading attached is forwarded by the bank to its local banking correspondent at the place where the goods are to be delivered, and the consignee receives the bill of lading upon payment of the draft, and thereby obtains the possession of the goods, it is held that no garnishable interest of the shipper remained in the proceeds of the draft in the hands of the local banking correspondent, as the title to the goods had passed, either absolutely or as security, to the bank which extended credit thereon to the shipper; and this rule is unaffected by any question whether the shipper had checked against the credit given to him for the draft and bill of lading.

2. SAME. A consignor in Idaho shipped certain carloads of potatoes to consignees in Wichita. At the same time he drew drafts on the consignees in favor of his home bank in Idaho and surrendered to it the bills of lading for the potatoes. The bank gave him a credit on his checking account in consideration thereof, and forwarded the drafts

with the bills of lading attached to a bank in Wichita. The consignees paid the drafts, and the bills of lading were surrendered to them. Pursuant thereto the railway carrier delivered the potatoes to the consignees. There was a shortage in quantity and defect in the quality of the potatoes. The consignees garnished the proceeds of the drafts while the money was still in the hands of the Wichita bank. The Idaho bank intervened. *Held*, that no garnishable interest in the money remained in the shipper; it belonged to the Idaho bank; and it is immaterial whether the consignor had checked against his deposit account in his home bank or not.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed March 6, 1920. Reversed.

*R. L. Holmes, Charles G. Yankey, W. E. Holmes,* and *D. W. Eaton,* all of Wichita, for the appellant.

*S. B. Amidon, D. M. Dale, S. A. Buckland, H. W. Hart, Glenn Porter,* and *Henry Lampl,* all of Wichita, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiffs, who conduct a produce business in Wichita, sued the defendant, an Idaho potato dealer, for damages sustained by them through defects in the quality and quantity of ten carloads of potatoes which they had received from the defendant. The potatoes were shipped from Rupert, Idaho. Sight drafts on the plaintiffs were drawn by Hawkins, the defendant consignor, in favor of The First National Bank of Rupert, and by it were forwarded, with the bills of lading attached, to The American State Bank of Wichita for collection. The plaintiffs paid these drafts and the bills of lading were surrendered to them. On obtaining delivery of the potatoes, a certain shortage in quantity and certain defects in quality were disclosed. Thereupon the plaintiffs brought this action, and while the defendant was a nonresident and no service could be obtained on him, they garnished in the hands of the Wichita bank the sums they had paid to it for surrender of two of the bills of lading.

The Wichita bank, garnishee, answered, setting up the facts. The First National Bank of Rupert intervened. Its evidence showed without dispute that it had given credit to Hawkins on his checking account for the face value of the drafts when

it received them and the bills of lading from him. There was no showing whether the defendant had or had not checked against his account which had been thus augmented by the credit given to him by the Idaho bank.

Plaintiffs' demurrer to the evidence of the intervening bank was sustained; the plaintiffs were given judgment; and the Wichita bank was ordered to pay the money into court for the benefit of plaintiffs.

The intervener appeals.

This case is controlled by the rule announced in *Bank v. Sprout,* 104 Kan. 348, 179 Pac. 301, and the principles of law therein discussed. It is familiar law that garnishment proceedings can only reach the property of the debtor, not that which the debtor had theretofore lawfully assigned in good faith to another person. (*Eggers v. Ross,* 103 Kan. 812, 176 Pac. 655.) When these carloads of potatoes left Idaho for Wichita, the bills of lading had been lawfully transferred by Hawkins to the Idaho bank. The bank gave him credit for their face value when it received them. It was the title holder of the property by virtue of those bills of lading. (*Grain Co. v. Commission Co.,* 105 Kan. 114, 115, 181 Pac. 602; 4 R. C. L. 32-34.) Only by recognition of that title were the plaintiffs able to get possession of the potatoes. Modern business could not well be conducted at long range, as from Idaho to Kansas, without the highly efficient agency of bank drafts, bank credits, and the assignment and attachment of bills of lading thereto, with the legal and equitable significance which commercial usage accords to these instruments; and it would paralyze business if judicial countenance were given to such a maneuver as that undertaken by the plaintiffs. (See *Hall v. Keller,* 64 Kan. 211, 67 Pac. 518; *Mercantile Co. v. Bank,* 83 Kan. 504, 507, 112 Pac. 114; *Mercantile Co. v. Bank,* 105 Kan. 474, 185 Pac. 287; 6 Cyc. 426, 427; 36 Cyc. 218; Note, 49 L. R. A. 683.)

It is immaterial to the rights of the intervener whether Hawkins has or has not checked against the credit extended on his deposit account with the Idaho bank. Of course, if the drafts which he had drawn in favor of the Idaho bank had been dishonored, the bank could charge them back against Hawkins' account, and could exact reimbursement from him if

the credit given thereon had been checked out (*Bank v. Schaefer*, 102 Kan. 868, 171 Pac. 1159), but no rule of law requires the Idaho bank to take up the burden of the plaintiffs' dealings with Hawkins.

The judgment is reversed, and the cause is remanded with instructions to enter judgment for the intervener.