## HIBERNIA BANK & TRUST CO. v. BANK OF TOPEKA.

(Circuit Court of Appeals, Fifth Circuit.    March 9, 1923.    Rehearing Denied April 2, 1923.)

No. 3924.

1. **Carriers ⟐⇒58—Printed notice on drafts held to require defendant bank to receive payment before delivery of bills of lading.**

   Where draft with bills of lading attached to "shipper's order notify" bore on its face the printed words, "Attached documents to be surrendered only on payment of draft," defendant bank was required to take notice that authority to surrender the bills of lading before payment of the draft was expressly withheld, notwithstanding prior transactions, in which plaintiff bank had permitted the bills of lading to be delivered prior to the payment of the drafts.

2. **Carriers ⟐⇒58—Evidence held sufficient to warrant finding that surrender of bills of lading without payment of drafts was unauthorized.**

   In an action against defendant bank for the amount of drafts, where defendant delivered bills of lading without payment of drafts, evidence that the agent of the drawer and consignor was not authorized by either the drawer or the payee of the drafts to consent to surrender of the bills of lading without payment of the drafts, *held* to be consistent with a finding that defendant bank's act in surrendering the bills of lading was unauthorized and wrongful.

3. **Carriers ⟐⇒58—Collecting bank cannot deny liability for bills of lading delivered without payment of attached drafts, on ground that forwarding bank was not owner.**

   Where plaintiff bank forwarded drafts and attached bills of lading to defendant bank for collection, the latter is in no position to deny its liability for the unauthorized surrender by it of a bill of lading without payment of the draft to which it is attached, and in suit for the amount of drafts it cannot object that the drawer, and not plaintiff bank, was the owner and real party in interest.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

⟐⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action at law by the Bank of Topeka against the Hibernia Bank & Trust Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Percy S. Benedict and A. C. Kammer, both of New Orleans, La. (Percy S. Benedict, Alfred C. Kammer, McCloskey & Benedict, and Dufour, Goldberg & Kammer, all of New Orleans, La., on the brief), for plaintiff in error.

R. E. Milling, of New Orleans, La. (Stone, McDermott & Webb, of Topeka, Kan., and Milling, Godchaux, Saal & Milling, and R. E. Milling, all of New Orleans, La., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The defendant in error (herein called Topeka Bank) sued the plaintiff in error (herein called Hibernia Bank), seeking to charge the latter with liability for the amounts of three drafts, dated, respectively, April 19, 1920, April 22, 1920, and May 3, 1920. Each of the drafts was drawn by the Shawnee Milling Company in favor of Topeka Bank on Hensey & Co., a firm which did business in New Orleans, La., and to each of them was attached a "shipper's order notify Hensey & Co." railroad bill of lading for a carload of flour, which was indorsed to Topeka Bank. Topeka Bank sent the drafts and attached bills of lading to Hibernia Bank at New Orleans for collection. Each of the drafts bore on its face the printed words:

"Attached documents to be surrendered only on payment of draft."

To each draft was attached a memorandum of which the following is a copy:

"Receiving bank, please note. Payment for goods covered by attached bill of lading is not due until arrival of car."

By written stipulation a jury was waived. The court found the issues in favor of the plaintiff, and rendered judgment accordingly. An exception was reserved to the action of the court in overruling a motion of the defendant, made at the close of the evidence, for a finding in its favor.

It was disclosed that in June, 1920, Hibernia Bank delivered the three bills of lading to Hensey & Co., taking their trust receipts therefor; the accompanying drafts not being paid. In behalf of Hibernia Bank it was contended that it was authorized to do so as a result of a correspondence between it and Topeka Bank, which was concluded some time prior to the date of the making and forwarding of the three drafts in question. During a considerable period prior to the forwarding of the drafts and bills of lading in question, there were quite a number of similar transactions between the parties. As to a number of specified shipments during February and March, 1920, Topeka Bank, by letters and telegrams to Hibernia Bank, authorized the latter to release to Hensey & Co. bills of lading sent. Each of those communications specified the particular bills of lading to which it referred. The last of those communications was a letter of Topeka Bank dated March 2, 1920. On March 10, 1920, Hibernia Bank addressed to Topeka

Bank a letter of which, omitting address and signature, the following is a copy:

"We acknowledge receipt of your letter of the 2d instant, which we have duly noted. We are, accordingly, allowing Messrs. Hensey & Co. to take out, on trust receipt, the bills of lading attached to the drafts which you are sending to us for collection."

[1] The just quoted letter and the fact that it was not replied to are relied on as authorizing Hibernia Bank to deliver to Hensey & Co. the bills of lading in question without payment of the attached drafts. The fact that each of the drafts in question bore on its face the statement, "Attached documents to be surrendered only on payment of draft," was enough to show that authority to Hibernia Bank to surrender the bill of lading before payment of the draft to which it was attached was expressly withheld. Nothing in addition to that statement was required to accomplish that result.

[2] Another contention was that Hibernia Bank, in surrendering the bills of lading in question without the accompanying drafts being paid, did so with the knowledge and consent of F. F. Weller, who represented the drawer and payee of the drafts. Weller was a broker in New Orleans, who acted for the drawer in making sales of flour, receiving a commission for his services. Evidence adduced warranted findings that Weller was not authorized by either the drawer or the payee of the drafts to consent to a surrender of the bills of lading in question without payment of the drafts being made and that he did not undertake to exercise such authority. The evidence was consistent with a finding that the act of Hibernia Bank in surrendering the bills of lading was unauthorized and wrongful.

The liability asserted was contested on the ground that Topeka Bank was not the owner of the bills of lading in question. When the drafts and bills of lading were delivered to Topeka Bank, in accordance with custom credit in the amount of the drafts was at once given to the drawer, which was a regular customer of the bank, on its deposit and checking account with the bank, with the understanding that upon receipt of payment by the bank, or return of the draft unpaid, interest would be charged on the amount of the draft from the date of the credit to date of receipt of payment or return of draft, and that if the draft was returned uncollected the amount of it would be charged back on the drawer's account. Evidently Topeka Bank was not entitled to charge back the amount of the draft on the account of its customer, the drawer, without returning both the draft and the attached bill of lading. No third party is asserting a right to the bills of lading in question. This being so, Hibernia Bank, which accepted for collection the drafts with bills of lading attached, obligated itself not to surrender the bills of lading except on payment of the accompanying drafts. The transaction between the drawer and payee of the drafts was based on the supposition that the drafts would be paid. It seems that a stipulation that the drawer was to be liable for the amount of the draft with interest thereon in the event of it being returned unpaid would not keep the payee who so took the draft for a valuable consideration from becoming the owner thereof and of the attached and indorsed bill of lading. Dows

v. National Exchange Bank, 91 U. S. 618, 23 L. Ed. 214; Scott v. McIntyre Co., 93 Kan. 508, 144 Pac. 1002, L. R. A. 1915D, 139; Lampl v. Hawkins, 106 Kan. 423, 188 Pac. 233.

[3] But whether Topeka Bank did or did not acquire full title to the drafts and attached bills of lading need not be determined. As between it and Hibernia Bank, the agent for collection, the latter is in no position to deny liability for the unauthorized surrender by it of a bill of lading without the draft to which it was attached being paid. The conclusion is that on no ground urged was the court in error in making the above mentioned ruling.

The case was argued by counsel on the assumption that the ruling complained of is subject to be reviewed by this court. Whether that assumption was or was not warranted need not be determined, as the above-stated conclusion shows that the result would be the same in either event.

The judgment is affirmed.