**TAMPICO BANKING CO., S. A., v. BARBER.**

(Circuit Court of Appeals, Fifth Circuit. December 13, 1924. Rehearing Denied January 31, 1925.)

No. 4385.

1. **Appeal and error** ⬅️242(3)—**Questions not presented to trial court are waived.**

Where defendant, a foreign corporation, filed a plea to the jurisdiction of the court over it, and also exceptions to the sufficiency of the petition, but, without waiving the plea or exceptions, filed an answer and went to trial, it not appearing from the record that the plea or exceptions were presented to or ruled on by the court, it is to be presumed that defendant voluntarily submitted to the jurisdiction, and no question on the plea or exceptions is presented for review.

2. **Carriers** ⬅️58—**Collecting bank liable for surrender of bill of lading without payment of draft attached.**

A bank which receives for collection a draft for the price of goods shipped, with bill of lading attached, to be delivered on payment of the draft, which without authority from the drawer surrenders the bill of lading without collecting the draft, is liable for the amount, and it is no defense that a partnership relation existed between shipper and drawee.

3. **Appeal and error** ⬅️713(1)—**Ruling on motion not shown by bill of exceptions not reviewable.**

A written motion for an instructed verdict appearing in the transcript, but not embodied in a bill of exceptions or so referred to therein as to be identified as a motion presented to the court, is not a part of the record proper, and presents no question for review.

In Error to the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Action at law by R. S. Barber against the Tampico Banking Company, S. A. Judgment for plaintiff, and defendant brings error. Affirmed.

Oliver J. Todd, of Beaumont, Tex. (R. E. Masterson, of Beaumont, Tex., on the brief), for plaintiff in error.

C. A. Lord and Wm. E. Orgain, both of Beaumont, Tex. (Orgain & Carroll, of Beaumont, Tex., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and CLAYTON, District Judge.

WALKER, Circuit Judge. This action was brought in a court of the state of Texas by the defendant in error (herein referred to as plaintiff) against the plaintiff in error, a corporation organized under the laws of the republic of Mexico (herein referred to as the defendant), and by the defendant was removed to the court below. The record shows the following:

Prior to the removal, a writ of garnishment was issued and served on the First National Bank of Houston, Tex., and the garnishee's answer showed that it had in its possession $17,000 belonging to defendant. The defendant filed in the court below a special plea to the jurisdiction of the court, on the ground that the defendant, a foreign corporation, was not subject to be sued in a district in which it was not doing business, and in which it had no agent; that pleading stating that the defendant specially appeared for the sole purpose of questioning the jurisdiction of the court. The defendant subsequently filed an answer to the petition, which stated that defendant specially appeared, subject to its above-mentioned plea, contained exceptions to the petition because of its insufficiency in law, and, without waiving said plea or those exceptions, put in issue the allegations of the petition. There was a trial before a jury of the issues of fact in the case, evidence being adduced by the plaintiff and the defendant.

[1] The record does not show that the above-mentioned plea to the jurisdiction of the court, or the above-mentioned exceptions to the petition, were ruled on by the court, or were called to its attention. Noth-

ing contained in the record is inconsistent with the conclusion that the trial of the case on its merits was entered upon and concluded without the court being invoked to rule on any pleading raising a question of its jurisdiction of the defendant, or on any exception to the legal sufficiency of the petition. Rulings of the court on those questions are not presented for review by a record which fails to show that such rulings were either sought or made. It may be presumed, the record not showing the contrary, that the defendant submitted itself to the jurisdiction of the court for the trial of the case on the merits, without insisting on the matters set up in the above-mentioned plea to the court's jurisdiction and exceptions to the legal sufficiency of the petition.

[2] The petition contained averments to the following effect: Plaintiff bought described oil-well casing from E. L. Wilson Hardware Company, of Beaumont, Texas, and had that company ship for him such casing to Tampico, Mexico, and send to defendant for collection its sight draft on J. M. Wiggins for the price of such casing and collection charges, bills of lading for the casing being attached to the draft, and defendant expressly or impliedly agreed to collect the amount of such draft and remit the same, less its charges, or else return said draft with the accompanying bills of lading. Without receiving payment of the amount of the draft, defendant delivered the bills of lading attached thereto to said Wiggins, or some other person, to whom the casing was delivered by the carrier upon presentation of the bills of lading which accompanied the draft, and defendant failed and refused to remit the amount of the draft, or to return it with the bills of lading which accompanied it. There was evidence tending to prove the above-mentioned allegations. The defendant resisted the claim asserted, on the ground, among others, that plaintiff and said Wiggins acquired said casing as partners, and were to share equally in the profits or losses when the shipment was completed and settlement made at destination.

As above indicated, there was evidence tending to prove that plaintiff alone purchased the casing and that the shipment of it was made for him. The fact that Wiggins was to share in the profits or losses in dealing with the casing after its delivery at destination could not justify the defendant in surrendering the bills of lading without being authorized to do so by the party in whose behalf it undertook to collect the draft to which the bills of lading were attached. The existence of a partnership relation between plaintiff and Wiggins did not deprive the former of the right, by making the bills of lading deliverable only upon payment of the draft which accompanied them, to retain control of the casing until the draft for the price of it should be paid. The defendant, the agent for collection, made itself liable if, without being authorized by its principal, it surrendered the bills of lading without the drafts to which such bills of lading were attached being paid. Hibernia Bank & Trust Co. v. Bank of Topeka (C. C. A.) 288 F. 41.

[3] In the above-stated condition of the evidence, the court did not err in overruling the motion of the defendant to instruct a verdict in its favor. The following is all that is shown by the bill of exceptions in reference to that motion: "At the conclusion of plaintiff's evidence, and before any evidence was offered by the defendant, the defendant presented and urged a motion to instruct a verdict for the defendant, which motion by the court was overruled, to which action of the court in overruling that motion the defendant then and there in open court excepted." The transcript contains a written motion by the defendant for an instructed verdict. That written instrument was not embodied in the bill of exceptions, and was not referred to therein. It is not made to appear that that written motion was in any manner called to the attention of the court. Such an instrument is not a part of the record proper, and cannot properly be considered as a part of the record presented for appellate review, when it is not embodied in a bill of exceptions, or so referred to therein as to be identified as a motion submitted to the court for its action thereon. In passing on the court's action, on a motion by the defendant for an instructed verdict, we look only to the above-quoted part of the bill of exceptions for information as to what that motion contained, and not to a written instrument which was not mentioned in the bill of exceptions, or in any manner authenticated by the trial judge.

The record shows no reversible error. The judgment is affirmed.