# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1713

THE HONORABLE JOHN SIEFERT,

*Plaintiff-Appellee,*

*v.*

JAMES C. ALEXANDER, et al., in their
official capacity as members of the
Wisconsin Judicial Commission,

*Defendants-Appellants.*

On Petition for
Rehearing En Banc

DECIDED AUGUST 31, 2010

PER CURIAM. A majority of the judges in active service
did not favor rehearing en banc, and the petition there-
fore is denied.

Circuit Judges Rovner, Wood, Williams and Hamilton
voted to rehear the appeal en banc.

Circuit Judge Sykes did not participate in the con-
sideration of this case.

ROVNER, *Circuit Judge*, with whom WOOD, WILLIAMS, and HAMILTON, *Circuit Judges*, join, dissenting.  As I noted in my dissent in the initial case before us in *Siefert v. Alexander*, 608 F.3d 974 (7th Cir. 2010), laws and regulations that restrict speech on the basis of content are subject to a strict scrutiny analysis, and when we tread on the core of those rights, for example, on speech about the qualifications of candidates for public office, we must do so with utmost caution. *Siefert*, 608 F.3d at 991. Nevertheless, in evaluating Wisconsin's Code of Judicial Conduct forbidding a judge or judicial candidate from publically endorsing or speaking on behalf of any partisan candidate (the portion of the opinion from which I dissented), the majority opinion applied a more relaxed balancing test not heretofore applied to the First Amendment rights of judges and judicial candidates.

When the Supreme Court evaluated the First Amendment rights of judges and judicial candidates in the seminal case of *Republican Party v. White*, 536 U.S. 765, 774-75 (2002), it did so through the lens of strict scrutiny (as did those justices writing in dissent). Every circuit court to follow has done the same. *See Wersal v. Sexton*, No. 09-1578, 2010 WL 2945171, at *3 (8th Cir. Jul. 29, 2010); *Carey v. Wolnitzek*, Nos. 08-6468, 08-6538, 2010 WL 2771866, at *6 (6th Cir. 2010); *Republican Party v. White*, 416 F.3d 738, 749-50 (8th Cir. 2005); *Weaver v. Bonner*, 309 F.3d 1312, 1319 (11th Cir. 2002). *See also Stretton v. Disciplinary Bd.*, 944

F.2d 137, 141 & n.1 (3d Cir. 1991)[*] Our decision in *Siefert* departs from the path carved by the Supreme Court and makes us an outlier among our sister circuits.

Furthermore, since the time this panel has issued its majority and dissenting opinions, both the Sixth and Eighth circuits have struck down as unconstitutional state statutes that restricted the First Amendment rights of judges and judicial candidates, including a Minnesota endorsement prohibition nearly identical to the one the majority opinion upheld in *Siefert*. *Wersal,* 2010 WL 2945171, at *8,*11. *See also Carey*, 2010 WL 2771866, at *17. Our divergent opinion on this issue is an outlier and should be reheard en banc. I respectfully dissent from the denial of rehearing en banc.

---

[*] In *Stretton*, a case that predated the Supreme Court's use of a strict scrutiny analysis in *Republican Party*, the Third Circuit applied a strict scrutiny analysis but declined to decide whether a less stringent standard might apply. *Id.* at 141 and n.1.