Danielson v. Reichert.

---

No. 20,761.

DEROY DANIELSON and J. L. FINLEY, Partners, etc., *Appellees and Appellants,* v. MICHAEL REICHERT et al. (E. D. NIXON and P. L. KREUSCHER, as Interpleaders, *Appellants and Appellees*).

SYLLABUS BY THE COURT.

1. CHATTEL MORTGAGE—*Defective Description of Property Intended to be Mortgaged.* A chattel mortgage on growing corn described as "our undivided three-fourths interest in 100 acres of corn now growing on" a described quarter section of land does not include the growing corn owned by the mortgagors on the remaining quarter sections of land in the same section, as against a subsequent attaching creditor, although there are but ten acres of corn growing on the quarter section described, and there are ninety acres of corn owned by the mortgagor growing on the other quarter sections in the same section.

2. ATTACHMENT—*Third Party Claiming Property—Right to Appeal.* In an action before a justice of the peace, third parties claiming attached property, who, on their application, are made parties defendant, have a right to appeal from a judgment rendered by the justice of the peace denying their claims to the property.

Appeal from Cheyenne district court; WILLIAM S. LANGMADE, judge.   Opinion filed April 7, 1917.   Affirmed.

*E. E. Kite,* of St. Francis, for appellants.

*J. L. Finley,* of St. Francis, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In this case there are cross appeals. The plaintiffs commenced an action before a justice of the peace, against Michael Reichert, on a promissory note, and caused an attachment to be issued and levied on a crop of corn growing on the east half of section 34, township 2 south, range 40 west, in Cheyenne county. On the application of E. D. Nixon and P. L. Kreuscher they were made parties defendant in the action. They filed a pleading in which they claimed a lien on the attached corn under a chattel mortgage given by Michael Reichert and his wife to secure the payment of a note for $175. The chattel mortgage described the following property:

"Our undivided ¾ interest in 100 acres of fall wheat now growing on the S. E. 34-2-40, and our undivided ¾ interest in 100 acres of corn now growing on the S. W. of 34-2-40 owned entirely by us without any incumbrance except $50.00 to Citizens' Bank."

The issue presented by the pleading of Nixon and Kreuscher was tried before the justice of the peace and determined against them. Within proper time they filed an appeal bond. The cause was transmitted to the district court, and there, under leave obtained, they filed an amended interplea, on which the issues between them on the one side and the plaintiffs on the other were tried and determined. Before the trial the plaintiffs filed a motion asking the court to dismiss the appeal, for the reason that the law does not provide for an appeal in such a proceeding. This motion was denied. The evidence of Nixon and Kreuscher tended to show that it was their intention and the intention of Reichert and his wife that the chattel mortgage should cover Reichert's three-fourths interest in all the corn grown by him. There were only ten acres of corn grown on the southwest quarter of the section. The court sustained a demurrer to Nixon and Kreuscher's evidence. From this they appeal.

1. Nixon and Kreuscher argue that the chattel mortgage covered all of Reichert's interest in the corn grown by him on all of section 34; that the description of the property contained

in the chattel mortgage was erroneous; that by examining the ground cultivated by Reichert it would be found that ten acres of the corn was on the southwest quarter, while the remainder of the corn was on other parts of the section. They contend that the plaintiffs, having acquired their interest in the corn subsequent to the filing of the chattel mortgage, were charged with notice of the mortgage lien on all the corn grown by Reichert.

The land described in the chattel mortgage was definite and certain. There was a mistake in the number of acres of corn growing on that land. The chattel mortgage did not attempt to describe corn situated on any other land. As between the parties thereto the chattel mortgage might have been reformed. Reichert intended to mortgage all his interest in all the corn to Nixon and Kreuscher. The rule that an attaching creditor acquires a lien on the attachment debtor's right in the attached property, and on nothing more, is modified to some extent by section 6495 of the General Statutes of 1915, which provides that:

"Every mortgage . . . shall be absolutely void as against the creditors of the mortgagor . . . unless the mortgage or a true copy thereof shall be forthwith deposited in the office of the register of deeds in the county where the property shall then be situated."

The mortgage deposited in the office of the register of deeds did not describe the corn growing on the east half of the section. Under the authorities Nixon and Kreuscher's chattel mortgage did not cover that corn. (*Darr v. Kempe,* 54 Ark. 91; *Adams v. The Commercial National Bank of Dubuque,* 53 Iowa, 491; *First National Bank v. Hendrickson,* 61 Minn. 293; *Redfield v. Montgomery,* 71 Miss. 113; *Com. State Bank v. Interstate Elevator Co.,* 14 S. Dak. 276; *Conley v. Nelin,* 60 Tex. Civ. App. 395; Jones on Chattel Mortgages, 5th ed., § 63; Hammon on Chattel Mortgages, p. 43; 6 Cyc. 1032.)

The rights of the plaintiffs, attaching creditors, were paramount to the rights of Nixon and Kreusher, under their chattel mortgage. (*Geiser v. Murray,* 84 Kan. 450, 114 Pac. 1046, and cases there cited.)

2. The plaintiffs in their appeal argue that the proceeding instituted by Nixon and Kreuscher before the justice of the peace was under section 152a of the justices' code. There is

no appeal from a proceeding under this section. (*Dilley v. McGregor*, 24 Kan. 361; *Graves v. Butcher*, 24 Kan. 291; *James Clark & Co. v. Wiss & Ballard*, 34 Kan. 553, 9 Pac. 281.)

The difficulty with the plaintiffs' argument is that the proceeding was not under that section. Nixon and Kreuscher were made parties defendant, and as defendants in the action they set up their interest in the property attached. Judgment was rendered against them and from that judgment they appeal. As defendants they had an absolute right to appeal from any judgment that was rendered against them.

The judgment is affirmed.