Rich v. Roberts.

---

No. 21,534.

TIM RICH and GUS SWAFFAR, *Appellees*, v. F. W. ROBERTS et al. (M. C. SNYDER, *Appellant*).

SYLLABUS BY THE COURT.

1. GARNISHMENT—*What Property May be Reached.* Rule followed that a garnishment reaches only the property which actually belongs to the debtor, and does not lawfully reach that which the debtor has already assigned in good faith to other creditors.

2. SAME—*Property Lawfully Assigned—Not Subject to Garnishment by Other Creditors.* Where a creditor in a garnishment proceeding gets possession of the proceeds of an insurance policy which had already been lawfully assigned to other creditors, he holds such proceeds as trustee for the benefit of such other creditors; and, in an action where all parties concerned are brought into court and all the pertinent facts are pleaded and proved or conceded, a judgment may properly be en-

Rich v. Roberts.

tered against such creditor in favor of the other creditors for the sums due them from the debtor in conformity with the terms of the assignment.

Appeal from Kiowa district court; LITTLETON M. DAY, judge. Opinion filed May 11, 1918. Affirmed.

*John D. Beck,* of Greensburg, for the appellant.

*O. G. Underwood,* and *C. H. Bissett,* both of Greensburg, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiffs were the assignees of an insurance policy for $200. The insured, R. W. Farris, who had suffered a fire loss, assigned the policy to them to satisfy debts due for work and labor.

The insurance company sent the money to pay the fire loss to its local agent, F. W. Roberts, and the defendant, M. C. Snyder, sued Farris and garnisheed the money in the hands of Roberts. Snyder knew that the policy had theretofore been assigned to plaintiffs; and plaintiffs knew of the garnishment proceedings, but were not made parties thereto. Snyder obtained judgment, and the money was paid over to him.

Thereupon plaintiffs brought this action against Snyder and the other parties concerned, and obtained judgment against Snyder for the exact amounts due them from Farris, for the satisfaction of which sums Farris had assigned the policy to them.

Just what error in this judgment is urged by defendant is not easily discernible. It is said that the action brought was equitable in its nature, and that an adequate remedy at law would have answered the purpose. Notwithstanding our code has abolished the ancient distinctions and forms of actions at law and of suits in equity, and has provided one form of action —a civil action—in lieu thereof, fundamental differences in actions sometimes do exist, but we do not discern how any such differences affect the case at bar. The facts were all pleaded. The parties were all before the court, and their true relationship was a proper subject of judicial inquiry. The garnishment did not lawfully operate on so much of the proceeds of

the policy as had already been assigned to plaintiffs. (*Hall v. Terra Cotta Co.,* 97 Kan. 103, 154 Pac. 210.) Having got possession of the proceeds of the insurance policy when he knew it had been assigned to plaintiffs, Snyder became, in law, a trustee thereof for plaintiffs' benefit. He must, therefore, hand over to plaintiffs their due. There is no semblance of error in this judgment. It is not conceivable that some different form of action or different procedure properly invoked could have brought about a different result.

Affirmed.