No. 21,560.

THE FIRST NATIONAL BANK OF HORTON, *Appellant*, V. WILL SCHUETZ, (JOHN SCHUETZ, Interpleader, *Appellee*.)

### SYLLABUS BY THE COURT.

1. PARTNERSHIP—*Garnishment—Rights of Creditors of Individual Partners*. Although the assets of a firm are to be applied in paying its debts to outsiders before either partner is to receive any portion thereof, the individual creditors of a partner are not entitled to the same priority. They have a right to his individual interest only, and this is his share of what may remain after payment of the partnership debts, and after a settlement of the accounts between the partners.

2. SAME—*Garnishment—Creditors of Individual Partner—What Property May be Reached*. Where, in an action against an individual partner, the funds of the firm are garnisheed, the plaintiff acquires by his garnishment an interest only to the extent of the share of the debtor, which is his interest in the balance which remains after the firm's debts and the equities of partners are satisfied; and, further, where in such an action the court has before it all the parties claiming an interest in the fund, it is proper to take an account of the partnership affairs.

Appeal from Brown district court; WILLIAM I. STUART, judge. Opinion filed June 8, 1918. Affirmed.

*W. E. Archer*, of Horton, for the appellant.
*Sample F. Newlon*, of Hiawatha, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff brought suit against Will Schuetz to recover on two promissory notes. The petition was filed on the 26th of February, 1917. Garnishee summons was issued to the Farmers State Bank of Germantown, which answered that it had on deposit to the credit of Will Schuetz the sum of $1,317.80. Intervening petitions were filed by parties claiming an interest in the fund. Among these John Schuetz, the father of Will Schuetz, claimed to be entitled to the fund for the reason that he was a partner of his son, and that the fund is the proceeds of the sale of the partnership property, and that his son had given him checks for the amount due him, which checks had been presented to the Farmers State Bank and protested. The trial court found in favor of the intervening petitioners. This appeal is from that part of the judgment in favor of John Schuetz.

Their written agreement was in the form of a farm lease by which the father rented the farm to his son for a share of the crops. The writing contained the usual covenants of a farm lease, and in addition, an agreement that the landlord and tenant should each furnish cattle and hogs of equal value, to be placed on the farm and cared for by the tenant, the increase to be equally divided. There was also a memorandum of a separate agreement made about the same time by which it was understood that if either party supplied more stock in value than the other, the other was to pay him "out of his portion of the sale of the stock less 20% of his share." There is a contention that the evidence fails to show that John Schuetz and his son were partners, but we think the trial court was correct in holding that they were partners in the joint enterprise.

All the property owned by the partnership was sold at public sale a day or two before this action was commenced, and the proceeds were deposited in the Farmers State Bank in the name of Will Schuetz. The court took an account of the partnership affairs and found that the son owed the partnership for live stock contributed by his father, in excess of the amount contributed by himself, in the sum of $427.55, and that the partnership was indebted to John Schuetz to the amount of $846.01. As a conclusion of law the court held that the debts

of the partnership were entitled to a priority in the proceeds of the sale, as against the individual debt of Will Schuetz, and that John Schuetz' rights as a partner entitled him to judgment for the amount found to be due him from the firm. It is the plaintiff's contention that this was error. The theory seems to be that the father had a claim against the son for these advancements, but no claim against the partnership, and that the plaintiff, who was a creditor of the son, acquired a superior lien by the garnishment proceedings. But the plaintiff could acquire by his garnishment proceedings no greater interest in the proceeds from the sale of the property of the firm than Will Schuetz, its debtor, possessed. (*Rich v. Roberts*, ante, p. 116, 172 Pac. 996, and cases cited in the opinion; *Hall v. Terra Cotta Co.*, 97 Kan. 103, 154 Pac. 210, and cases cited.) The law seems to be well settled that a partner who makes advances to a firm becomes a creditor of the firm.

"A partner who makes advancements to a firm, during its existence or in winding up its affairs, becomes, as against his copartners, a creditor of the firm. He is not in the position of a volunteer. His interest in the firm property and his liability for its debts entitle him to make the advances, and to call on the firm and his associates for reimbursement. Moreover, this reimbursement is to be made before his associates are entitled to repayment on account of their capitals, for, as already stated, his advancement is a loan to the firm, and not an increase of its capital. After outside debts are satisfied, the advances which have been made by partners are to be repaid in full, if the firm assets are sufficient therefor." (Burdick on Partnership, 341.)

In *Watts v. Adler*, 130 N. Y. 646, it was said:

"Each partner has a right to an accounting from his copartner as to all dealings and transactions connected with the business of the firm, and, as the result may indicate, either to a ratable distribution of any surplus there may be after payment of the debts, or to a ratable contribution to make up the sum required to discharge the debts. Thus, all the obligations, both express and implied, arising from the copartnership agreement, may be enforced in a convenient and effective manner, by a court having power to adapt its action to every variety of circumstances." (p. 648.)

In *Farley, Spear & Co. v. Moog*, 79 Ala. 148, it was ruled in the syllabus:

"When an execution or attachment against an individual partner is levied on the partnership property, the purchaser at a sale under the levy acquires only that partner's interest in the assets which may remain after the partnership debts have been paid and the partnership

affairs adjusted; and this can only be ascertained by an account in equity." (syl. ¶ 2.)

The bank acquired by its garnishment an interest only to the extent of the share of its debtor; and that share is only his interest in the balance which remains after the firm's debts and the equities of partners are satisfied.

"Although the assets of a firm are to be applied in paying its debts to outsiders before either partner is to receive any part thereof, the individual creditors of a partner are not entitled to the same priority. They have a right to his individual interest only, and this, as has been stated repeatedly, is his 'share of what may remain after payment of the partnership debts, and after a settlement of the accounts between the partners.'" (Burdick on Partnership, 346.)

In *Warren v. Taylor*, 60 Ala. 218, it was held that if one partner has become more indebted to the firm than his copartner, his share "will stand incumbered by a lien, to make good such deficit to his copartner." (p. 224.)

It was proper for the trial court, having before it all the interested parties, to take an accounting of the partnership affairs; and when the account showed that one of the partners was entitled, as against his partner, to be reimbursed for advances made to the partnership, the law gave him a prior lien upon the partnership property as against the individual creditor of his partner.

The judgment is affirmed.