No. 21,134.

J. M. JEWELL, *Appellant*, v. H. C. SCHELL (FRANK ELLIS, Garnishee, *Appellee*).

SYLLABUS BY THE COURT.

1. GARNISHMENT—*Mistaken Answer of Garnishee—Rightfully Allowed to Correct his Answer.* A garnishee who purchased property from the defendant, leaving a balance of the purchase price unpaid, believing that the defendant owned the property and had the right to transfer it, when in fact he had previously disposed of it, made answer in response to the garnishment summons that he was indebted to the defendant for the balance of the purchase price, and an order directing the payment of the money into the court was accordingly made. Shortly afterwards the garnishee learned that the defendant had previously mortgaged and disposed of the property, and that consequently he was not indebted to the defendant, and further learned that plaintiff had procured the defendant to mortgage the property and had received and

Jewell v. Ellis.

applied the proceeds of it upon another account, and therefore knew that the garnishee had not acquired the property and was not indebted for it, and that, knowing these things, plaintiff had led and allowed the garnishee to believe that the defendant had the right to transfer the property: *Held*, on an application promptly made by the garnishee, that there were sufficient grounds to warrant the court in setting aside the order on the garnishee and in allowing him to correct his answer so as to state the actual facts as to his indebtedness to the defendant.

2. SAME—*Rights of Creditor against Garnishee.* The plaintiff can have no greater rights as against the garnishee than the defendant has, and where it appears that the garnishee was not in fact indebted to the defendant when the process was served, the plaintiff can claim nothing from him.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed November 9, 1918. Affirmed.

*C. C. Perdieu,* of Goodland, for the appellant.

*Frank J. Horton,* of Goodland, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This proceeding was brought to set aside a garnishment order.

J. M. Jewell instituted an action for the recovery of money from H. C. Schell, and caused a summons of garnishment to be served on Frank Ellis, who appeared and answered that he was indebted to Schell in the sum of $558. Upon this answer the court ordered the garnishee to pay into court out of the money in his hands belonging to Schell a sum sufficient to pay plaintiff's judgment against defendant, being $539. Shortly afterwards the garnishee appeared and asked to have the order set aside upon the ground that he had since ascertained that his answer was not true. He alleged that it had been made upon the theory that Schell had transferred a meat market to him for a consideration of $650, on which a cash payment of $100 was made; that he had learned since his answer was given that the meat market was covered by a chattel mortgage; that Schell had no right to sell or deliver the property to him; and that he was not in fact indebted to Schell in any sum. There was a further allegation that the plaintiff himself had sold the meat market to the defendant and procured the latter to mortgage the property, giving the proceeds to plaintiff in part pay-

ment of the property sold, and that plaintiff not only knew of the mortgage, but also well knew that by reason of the mortgage the garnishee was not in fact indebted to the defendant in any sum, and with this knowledge plaintiff allowed and led the garnishee to believe that there were no claims against the property. The garnishee states that he was unacquainted with garnishment proceedings and, on the advice of the clerk of the district court, he made the original answer as to his indebtedness; that he acted in good faith when he gave the mistaken answer, believing that a complete transfer of the property had been made to him; and that when he learned of the mistake and the facts as to the fraud of the plaintiff, he promptly moved to set the order aside. The plaintiff demurred to the petition of the garnishee asking for the vacation of the order and, it being overruled, the plaintiff appeals.

It is contended that the grounds stated in the petition did not warrant the court in vacating the order. The averments show clearly enough that the garnishee was mistaken in his original answer. He naturally supposed that the defendant had the right to transfer the meat market to him, and that, having only paid $100 on the property, he was indebted to defendant for the balance. The plaintiff understood that the property had been mortgaged, as he had procured the mortgage to be made and had applied the proceeds of it upon a claim he had against the defendant. He allowed the garnishee to think that he was acquiring the ownership of the property and that he was indebted to the defendant, when he knew of the mortgage and that there was in fact no debt. No equities arose in favor of the plaintiff by reason of the answer and order. Upon learning the facts the garnishee moved promptly, and no one was prejudiced by the erroneous answer or the order based on it. In vacating the order and allowing a correct answer, the court did no more than to allow the truth to be told. If the order is treated as a judgment, it was properly opened up and vacated. There was not only the mistake of the garnishee, but there was the misrepresentation and fraud of the plaintiff as pleaded, and these warranted the ruling that was made. On the merits of the controversy the plaintiff had no greater rights against the garnishee than the defendant had. He was not entitled to any more than the garnishee owed to the

defendant when process was served upon him. (*Johnson v. Brant,* 38 Kan. 754, 17 Pac. 794; *Lumber Co. v. Trust Co.,* 54 Kan. 124, 37 Pac. 983; *Rich v. Roberts,* 103 Kan. 116, 172 Pac. 996.) Under the averments the defendant had no right to claim anything from the garnishee and neither had the plaintiff.

Judgment affirmed.