No. 21,679.

A. W. EGGERS, *Appellant*, v. A. B. ROSS (J. G. ROSS, Interpleader, *Appellee*).

SYLLABUS BY THE COURT.

GARNISHMENT—*Property Lawfully Assigned—Not Subject to Garnishment.* A mortgagor of a chattel sold it with the understanding that the sales money was to be paid to the mortgagee. Before the money was paid it was garnished by another creditor of the mortgagor. The mortgagee properly prevailed under the well-established rule that garnishment only seizes the property of the debtor, not that which had theretofore been assigned in good faith to others.

Appeal from Pottawatomie district court; ROBERT C. HEIZER, judge. Opinion filed December 7, 1918. Affirmed.

*E. M. Brunner,* of Wamego, for the appellant.
*W. F. Challis,* of Westmoreland, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal concerns a question relating to the law of garnishment. The material facts are simple. A. B. Ross gave his brother, J. G. Ross, a chattel mortgage on a mare to secure an indebtedness of $150. By permission and consent of the mortgagee, the debtor sold the mare to one F. B. Leuty upon an understanding that the purchaser was to account to J. G. Ross for the purchase money.

Before Leuty paid over the money to the mortgagee and assignee of the purchase money, A. W. Eggers obtained a judgment against A. B. Ross and garnished the money in the hands of Leuty as the property of the debtor.

The district court gave judgment for J. G. Ross.

The mare was one of the only span of horses owned by A. B. Ross, and his wife had not signed the mortgage. (Gen. Stat. 1915, §§ 6506, 4700.) The wife, however, had another horse of her own. A. B. Ross and his wife were residents of Colorado. These facts furnish interesting points for debate in the briefs of counsel, but none of them is important here.

There is a familiar and long-established rule of law that attachments and garnishments only seize the debtor's property; they do not affect property formerly owned by the debtor but which had been lawfully assigned or sold in good faith to others before the garnishment proceedings were effected. (*Hall v. Terra Cotta Co.*, 97 Kan. 103, 105, 154 Pac. 210; *Rich v. Roberts,* 103 Kan. 116, 172 Pac. 996; *Bank v. Schuetz,* 103 Kan. 229, 173 Pac. 278.)

Here, A. B. Ross had assigned the proceeds of the sale of the mare to J. G. Ross, and the purchaser of the mare held that money for the latter before the garnishment proceedings were served on the purchaser. Consequently the garnishment reached nothing then belonging to the debtor, and the trial court's judgment was correct.

Affirmed.