Gentry v. Le Clair.

---

No. 25,894.

E. C. GENTRY, *Appellant,* v. JOHN LE CLAIR, THE HOME STATE BANK OF AURORA and C. F. PARK, Interveners, *Appellees.*

SYLLABUS BY THE COURT.

1. JUSTICES OF THE PEACE—*Appeal to District Court—Interpleader.* In an action before a justice of the peace, a third party who has been directed by the justice to interplead and who has so interpleaded, claiming the funds held by the justice court, has a right to appeal from an adverse judgment denying his claim to the money.

2. GARNISHMENT—*Appeal to District Court—Rights of Garnishee.* A garnishee, who has complied with the statute and fully stated the facts in justice court, and who has, by mistake, paid money into court on the order of the justice of the peace, is entitled to assert his claim for a return of the money when the case had been appealed to the district court by another party.

3. SAME—*Liability of Garnishee.* A creditor can have no greater rights against the garnishee than the defendant, and where it appears that the garnishee was not in fact indebted to the defendant when the process was served plaintiff can claim nothing from him—following *Jewell v. Ellis,* 103 Kan. 604, 175 Pac. 970.

Garnishment, 28 C. J. pp. 241 n. 27, 244 n. 46; 12 R. C. L. 835, 841. Justices of the Peace, 35 C. J. pp. 735 n. 21, 737 n. 60.

Gentry v. Le Clair.

Appeal from Cloud district court; John C. Hogin, judge. Opinion filed February 6, 1926. Affirmed.

*Charles L. Hunt, Frank C. Baldwin* and *C. J. Putt*, all of Concordia, for the appellant.

*A. M. French, Park B. Pulsifer* and *Clyde L. Short*, all of Concordia, for the appellees.

The opinion of the court was delivered by

Hopkins, J.: This controversy includes some seven actions originally filed in justice court, later consolidated for convenience. All were against the defendant by different creditors for the recovery of money. Affidavit for garnishment was filed in each case and similar garnishment summons issued. The total amount sued for in the several cases was $483. C. F. Park, the garnishee, had purchased from the defendant 535 bushels of wheat. Park understood that the Home State Bank of Aurora had a mortgage on the wheat and executed a check payable to Le Clair and the bank. He was subsequently served with garnishee summons. He called his bank (The State Bank of Miltonvale) and stopped payment on his check.

Judgment was rendered for plaintiff against the defendant Le Clair October 10, 1922. Park answered the garnishment summons October 16, stating the facts, that he had purchased the wheat from Le Clair, and showing that the Home State Bank was interested because of its mortgage. The justice of the peace made the Home State Bank a party and directed that it interplead in the action. It did so. He also directed Park, as garnishee, to pay into court $483. Park complied with the order, and was afterwards advised that the Miltonvale bank had disregarded his directions and had paid the original check which he had executed to Le Clair and the Home State Bank. He thereupon called the attention of the justice to the later development and asked that the money paid into court be returned to him. The justice declined to return it, and rendered judgment in favor of the plaintiff. The Home State Bank, feeling aggrieved at the judgment, appealed to the district court. Park, the garnishee in justice court, then filed an intervening answer in the district court setting up the facts. In a trial of the issues in the district court the justice of the peace testified that he still had the money paid in by Park, as garnishee. The court found that—

"The order of the justice of the peace was erroneous and that the money held by the justice of the peace, before whom the cases were originally brought,

should be paid into the hands of the clerk of the district court and held by the clerk, subject to the order of this court; that the order and judgment of this court is that said sum of $122.22 [and other moneys] so held by said clerk be paid to Charles Park, and that said defendant Park and said intervener, the Home State Bank of Aurora, Kan., have judgment against plaintiff for costs." -

Plaintiff appeals, contending that a garnishee in justice court, after complying with the court's order to pay money into court cannot appeal therefrom, nor accomplish the same result by later intervening and challenging the correctness of the court's order in an appeal to the district court by another party. Also that the interest of the Home State Bank was insufficient as a basis for appeal.

We are of the opinion that the Home State Bank, having properly been made a party to the action in justice court, having filed an interplea claiming the proceeds of the wheat on which it held a mortgage, could appeal to the district court from an adverse ruling by the justice court. (*Danielson v. Reichert*, 100 Kan. 291, 164 Pac. 184.)

We are also of the opinion that the garnishee, Park, having complied with the statute and fully stated the facts in justice court, was still entitled to assert his claim when the case had been appealed to the district court. Having complied with all orders the facts when fully disclosed that he was not at the time of his answer indebted to the defendant, entitled him to a return of the money. (See *Jewell v. Ellis*, 103 Kan. 604, 175 Pac. 923.)

Plaintiff's action was founded upon a promissory note secured by chattel mortgage on the wheat, expressly subject to that held by the Home State Bank. The plaintiff was not entitled to a lien on the wheat ahead of the Home State Bank, nor could he, in equity and justice, ask the purchaser, Park, to pay twice for the wheat. Plaintiff could recover no greater amount from the garnishee than could the defendant. (See *Lumber Co. v. Trust Co.*, 54 Kan. 124, 37 Pac. 983; *Rich v. Roberts*, 103 Kan. 116, 172 Pac. 996; *Eggers v. Ross*, 103 Kan. 812, 173 Pac. 655; *Lampl Produce Co. v. Hawkins*, 106 Kan. 423, 188 Pac. 233.)

The plaintiff argues that the court was not vested with equitable powers. It appears, however, that the parties were all before the court, the proceeds of the wheat were there, and the entire matter was a proper subject of judicial inquiry. The funds which had

been paid into justice court were still subject to return to the garnishee.

Under all the circumstances, we conclude that the district court reached a proper conclusion. Other questions presented by the briefs need not be discussed.

The judgment is affirmed.