No. 34,141

Esther Septer, *Appellant,* v. E. D. Boyles et al., *Appellees.*

(86 P. 2d 505)

Opinion filed January 28, 1939.

*Clyde P. Cowgill,* of Topeka, for the appellant.

*E. D. Woodburn* and *Floyd W. Hobbs,* both of Holton, for the appellees.

The opinion of the court was delivered by

Thiele, J.: The present appeal is from a judgment in certain garnishment proceedings growing out of the following circumstances:

On November 20, 1930, in an action in the district court of Shawnee county wherein Esther Septer was plaintiff and E. D. Boyles was defendant, plaintiff recovered a judgment against defendant for $2,000. This judgment has been kept alive by issuance of executions.

On July 27, 1936, one George Jackson commenced an action in the district court of Jackson county against E. D. Boyles, John L. Boyles and the Farmers Union Coöperative Business Association. Although not entirely clear from the record, it seems that one Frank Decker did business under the trade name of the Farmers Union and was one and the same as the association. It will be referred to hereafter as Decker. The purpose of the action was to recover the value of a crop of wheat planted in the fall of 1935, the value of which, after deducting expenses of harvesting and threshing, was alleged to be $424.97. The controversy was whether the plaintiff Jackson or the defendants Boyles owned the wheat. There seems

to have been no dispute that Decker had been authorized to take the wheat and sell it and from the proceeds to pay the costs of harvesting and threshing, and to hold the balance until the question of ownership was determined. The action was not finally determined until January 20, 1937, when the trial court found that defendant E. D. Boyles had been at all times since May 4, 1936, the owner of the wheat and that Decker should pay him the proceeds from the sale thereof, and rendered judgment accordingly. The court made no finding as to the amount received from the sale, nor does its judgment in any way indicate more than that Boyles owned the wheat and Decker should pay him all of the proceeds from its sale.

On November 5, 1936, Mrs. Septer, the plaintiff in the instant case, caused a garnishee summons to be served on Decker, and in due time he answered, setting up the pending action in Jackson county and that he had in his possession $109.60, and that until determination of that action he did not know to whom it belonged. Plaintiff elected to take issue on the answer.

This issue was not tried until June 3, 1938. As has been noticed above, in the meantime the action in Jackson county had been determined.

On the trial of the issue raised on the answer of the garnishee Decker, the plaintiff offered in evidence the pleadings and judgment in the Jackson county action. Without going into detail, Decker testified that he had sold the wheat, paid certain costs of harvesting and threshing, had made payments to E. D. Boyles, and on November 7, 1936, the date the garnishee summons was served upon him, he had $109.60 belonging to E. D. Boyles, who on February 26, 1937, directed that it be applied on the account of John L. Boyles. Plaintiff objected to the reception of this evidence on the ground it contradicted the judgment of the Jackson county district court. The trial court found that the Jackson county judgment was not conclusive evidence that at the time the garnishee summons was served on Decker he had $424.97 in his possession belonging to E. D. Boyles. In effect, it found the application of the $109.60 to John L. Boyles' account on February 26, 1937, was not good as against the garnishment and that plaintiff should recover from Decker the sum of $109.60 and interest, and that plaintiff's attorney should be allowed a fee of $25. Plaintiff filed a motion for judgment on the trial court's findings, and for a new trial. These motions were denied,

and she appeals, her specifications of error being that the trial court erred in the admission of evidence, in rendering judgment for only $109.60 and interest, instead of $424.97 and interest, and in denying her motion for a new trial.

In her brief, appellant contends that the judgment of the Jackson county district court is conclusive evidence that on November 7, 1936, Frank Decker had in his possession $424.97 belonging to E. D. Boyles, and that any testimony offered by Decker that he had another or different sum amounted to a collateral attack on that judgment. She cites many decisions and authorities as to the binding effect of judgments, and argues that the Jackson county district court had jurisdiction of the parties to the suit, and of the subject matter, and that the matters therein in issue and adjudicated are now *res judicata*. That may be conceded. She then contends that if the journal entry of judgment is obscure in that the value of the wheat was not found, recourse may be had to the pleadings. Conceding that to be a correct statement of the rule, a reference to the pleadings shows there was no dispute, but that Decker had sold the wheat, paid certain expenses, and as a stakeholder held the balance of $424.97 until the court determined to whom it belonged. There was no allegation that warranted any accounting between Decker and any of the other parties. All that was determined was that E. D. Boyles owned the wheat and that Decker should pay him therefor. It appears that without awaiting the outcome of the Jackson county suit, Decker had paid E. D. Boyles a major portion of the moneys. As between Decker and Boyles, there could have been no question that all that was owed after judgment in that suit was the unpaid portion. It could not be said that it was determined by that judgment that Decker owed E. D. Boyles the full amount of $424.97 and was not entitled to credit for amounts paid. Had some one other than E. D. Boyles been adjudged owner of the wheat, Decker would have had to respond to that person. Decker may have paid at his risk, but by the Jackson county judgment the risk was resolved in his favor. Had E. D. Boyles sought to collect the full amount of $424.97, there is no doubt but that Decker would have been entitled to offset the amounts he had previously paid Boyles.

It may here be observed that the present garnishment proceedings were instituted after return of an execution and were somewhat in the nature of proceedings in aid of execution, and that a procedure is prescribed to institute the proceedings in garnishment.

(See G. S. 1935, 60-3491, *et seq.*) But in the final section of the article, G. S. 1935, 60-34,109, it is provided that all subsequent proceedings against the garnishee shall be the same as in cases of attachment, as far as applicable. The code treats attachments and garnishments in the same article (G. S. 1935, ch. 60, art. 9). The statutes, G. S. 1935, 60-940 *et seq.*, give a creditor a right to proceed by garnishment in the district court and prescribe the manner in which it may be determined whether some person has in his possession or under his control property belonging to the judgment debtor. As to the person upon whom a garnishee summons is served, it is provided by G. S. 1935, 60-954, that—

"From the time of the service of the summons upon the garnishee he shall stand liable to the plaintiff to the amount of the property, moneys, credits and effects in his possession or under his control, belonging to the defendant or in which he shall be interested, to the extent of his right or interest therein," etc.

It is also provided that—

"The court shall render such judgment in all cases as shall be just to the parties, and properly protect their respective interests," etc. (G. S. 1935, 60-951.)

The factual situation between Decker and E. D. Boyles has been stated heretofore. Because of the judgment in the Jackson county action, Decker apparently owed E. D. Boyles $424.97, although the testimony showed he actually owed, at the date the garnishee summons was served upon him, only $109.60. In *Jewell v. Ellis*, 103 Kan. 604, 175 Pac. 970, it was held:

"The plaintiff can have no greater rights as against the garnishee than the defendant has, and where it appears that the garnishee was not in fact indebted to the defendant when the process was served, the plaintiff can claim nothing from him." (Syl. ¶ 2.)

And in *Gentry v. Le Clair*, 120 Kan. 183, 250 Pac. 257, it was held:

"A creditor can have no greater rights against the garnishee than the defendant, and where it appears that the garnishee was not in fact indebted to the defendant when the process was served plaintiff can claim nothing from him—following *Jewell v. Ellis*, 103 Kan. 604, 175 Pac. 970." (Syl. ¶ 3.)

In the later case of *Curry v. Bunds*, 145 Kan. 476, 66 P. 2d 584, involving extent of property reached by garnishment, it was said:

"Plaintiff could not reach what defendant did not own." (p. 481.)

We are of opinion that the testimony showing the actual amount due from Decker to E. D. Boyles on the judgment rendered in

Jackson county was properly admitted and that it did not tend in any way to impeach that judgment. That testimony being considered, there can be no argument as to the amount in the hands of Decker belonging to E. D. Boyles when the garnishee summons was served upon him.

After this cause had been submitted, appellee Decker served on appellant a notice of cross appeal and filed a brief in support. The notice of cross appeal was served more than twenty days after the notice of appeal was filed with the clerk of the trial court, and comes too late (G. S. 1937 Supp. 60-3314). We shall therefore not consider the cross appeal.

The judgment of the trial court properly protected the interests of all parties, was just and in accordance with the statutes and our decisions, and it is affirmed.