No. 34,273

ESTHER M. CHATTERTON, as Administratrix of the Estate of Herbert Miller, Deceased, *Appellant*, v. (O. M. CLAYTON and LULU L. CLAYTON, His Wife, et al., *Defendants*), THE MILLER STATE BANK (*Intervenor*), *Appellee.*

(95 P. 2d 340)

Opinion filed November 10, 1939.

*I. T. Richardson,* of Emporia, for the appellant.

*L. W. Raynolds* and *W. L. Huggins,* both of Emporia, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action on a promissory note, coupled with a proceeding in garnishment. The trial court rendered judgment on the note in favor of the plaintiff and against the principal defendants, O. M. Clayton and Lulu L. Clayton, his wife, in the sum of $1,002.93, but denied plaintiff the relief she sought by virtue of the garnishment proceeding, and from the latter portion of the judgment plaintiff has appealed.

The essential facts may be briefly stated as follows:

The defendants, O. M. Clayton and Lulu L. Clayton, his wife, had executed and delivered to Herbert Miller a promissory note.

Upon the death of the payee, Esther M. Chatterton was appointed administratrix of the Herbert Miller estate, and in that capacity she brought this action. The defendant, O. M. Clayton, was about to receive, as an heir, a distributive share of his father's estate. The plaintiff caused a summons in garnishment to be served on E. C. Williams, administrator of the estate of Willis Clayton, on June 21, 1938. The summons was served immediately following the final order of distribution, but prior to the actual distribution, under which order of distribution the administrator was directed to deliver to the defendant, O. M. Clayton, his distributive share in the sum of $502.81.

The garnishee defendant answered, stating, in substance:

There had been served upon him in writing on April 18, 1938, a copy of an "assignment and transfer of interest," from the defendant O. M. Clayton, to the Miller State Bank, of Miller, Kan. The assignment directed him to pay to that bank the distributive share of O. M. Clayton which should become vested in O. M. Clayton, as an heir of his father's estate, and authorized the bank to collect and receive such distributive share.

The Miller State Bank intervened in the garnishment proceedings.

Upon a trial of the issues the court rendered judgment in favor of the intervenor and ordered and directed the garnishee defendant to pay the distributive share of O. M. Clayton to the clerk of the district court, and ordered the latter to pay the same to the intervenor.

The appellant contends the assignment served no purpose as against her for the reason it conveyed no title, but, at most, constituted a license to the assignee "to wear assignor's shoes," and since the assignee did not receive possession of the property conveyed at the time of the assignment and failed to record the instrument, the assignment was without effect as to her. With those contentions we cannot agree. Any sort of right or interest in property, whether vested or contingent, may be the subject of barter and sale. (*Knutson v. Hederstedt*, 125 Kan. 312, 264 Pac. 41.) An expectancy is ordinarily assignable. (*Clendening v. Wyatt*, 54 Kan. 523, 525, 38 Pac. 792; 4 Am. Jur., Assignments, § 19.) No particular form or mode of conveyance is necessary to effect a valid assignment, if the intent to transfer and make over to another certain property is clearly established. (*Brewer v. Harris*, 147 Kan. 197, 201, 75 P. 2d 287.) The assignment in question reads:

"For a good and valuable consideration, receipt of which is hereby acknowledged, I, O. M. Clayton, hereby sell, assign and transfer unto the Miller State Bank, of Miller, Kan., all of my right, title and interest in and to the personal property which I have in the above-named estate which may become vested in me by operation of law as an heir of the said Willis Clayton, deceased.

"I hereby authorize the said Miller State Bank to collect and receive the same from E. C. Williams, administrator of said estate. I hereby direct said administrator to pay the same over to the Miller State Bank, and I further declare that this instrument is my receipt for the same."

The signer of the instrument clearly intended to and did effectually and presently sell his expectancy and transfer the title thereto. He did more. He directed the administrator to pay the fund to the intervenor and declared that the instrument should constitute his receipt for such payment by the administrator. In the very nature of the transaction, and under the law, intervenor could not have taken possession of the subject of assignment prior to the final order of distribution. That fact, however, did not render the assignment invalid. Nor is there any statutory requirement in this state for the registration or recording of an ordinary chose in action. In an action such as this, a creditor in garnishment is not aided by the mere fact he did not have notice or knowledge of a previous assignment of the property or fund he seeks to reach. In *Hall v. Terra Cotta Co.*, 97 Kan. 103, 154 Pac. 210, it was said:

"The general rule is that garnishment, like other proceedings *in invitum,* only affects the actual property, money, credits and effects of the debtor in the hands of the garnishee, *and the rule relating to bona fide holders or purchasers without notice has no application."* (p. 105.) (Italics inserted.)

See, also, *Eggers v. Ross*, 103 Kan. 812, 813, 176 Pac. 655; *Rich v. Roberts*, 103 Kan. 116, 117, 172 Pac. 996; *Turner v. Williams*, 114 Kan. 769, 772, 221 Pac. 267; *Citizens State Bank v. Cheyenne Co. Comm'rs*, 122 Kan. 302, 252 Pac. 228; 5 C. J., Assignments, § 162.

The expectancy had been transferred by valid assignment to intervenor prior to the service of summons in garnishment, and the court properly held the claim of intervenor to the expectancy was prior and paramount to that of the appellant. In fact, appellant obtained no interest at all by virtue of the garnishment proceedings. He could not reach thereby what the defendant did not own. (See *Curry v. Bunds*, 145 Kan. 476, 481, 66 P. 2d 584; *Schmidt v. Sullivan,* 145 Kan. 627, 629, 66 P. 2d 548, and authorities therein cited.) The defendant had previously parted with his ownership and title,

and of course the proceedings in garnishment could not restore that title. Appellant relies upon authorities from other states. Our own decisions adequately cover the contentions made and we need therefore not extend the discussion.

Appellant next contends its demurrer to intervenor's evidence should have been sustained. The contention is predicated upon the fact that in the course of the trial the assignment was at times referred to as security for the debt which defendant owed intervenor, and that it was therefore necessary for the validity of the assignment that it be recorded. The contention is too technical. The trial court did not construe the testimony as indicating the assignment was intended to be a mortgage, and neither do we. Furthermore, the instrument is before us and speaks for itself. It clearly was not a mortgage and cannot possibly be so construed. It conveyed a present and absolute title to the fund in question. Physical possession of the fund was postponed only to the date of final distribution. It could be and was referred to as security only in the sense that it made certain the application of the expectancy to the debt which the defendant, O. M. Clayton, had long owed the intervenor.

The judgment is affirmed.