No. 16,915.

WARE *v.* BARR.
(248 P. [2d] 1073)

Decided September 22, 1952.   Rehearing denied October 14, 1952.

Mr. GEORGE H. LERG, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

NELLIE E. BARR, a judgment creditor of H. Betke, et al. was adjudged entitled, by virtue of garnishee summons, to a certain sum due Betke, which sum H. Betke had theretofore assigned to A. L. Betke.  A. L. Betke brings the cause here by writ of error, seeking a reversal of the judgment.

It appears from the record that A. L. Neiman Co. was

indebted to H. Betke in the sum of $221.04 for "work and labor"; that on November 28, 1951, H. Betke assigned his claim to A. L. Betke for a valid consideration; and that notice of the assignment was given A. L. Neiman Co. about noon on said day. Thereafter, and on November 28, 1951, A. L. Neiman Co. was served with garnishee summons in the Barr-Betke action hereinbefore mentioned. A. L. Neiman Co. paid the amount due its creditor H. Betke into court, and thereupon A. L. Betke filed his so-called petition in intervention, claiming under his assignment the amount so paid by A. L. Neiman Co. into court. Upon trial of the issue between plaintiff Barr and A. L. Betke, the justice of the peace entered judgment in favor of Barr, whereupon Betke appealed to the county court, where, upon trial, Barr again was successful. Betke is here by writ of error, as we have said, seeking a reversal of the judgment.

In our court the only parties interested in this litigation are plaintiff Barr and A. L. Betke, to whom we will refer by name. The county court held that having failed to comply with the provisions of chapter 120, Session Laws of Colorado 1947, Betke's assignment was ineffectual as against the claim of Barr under garnishee summons, and entered judgment in Barr's favor. Whether said chapter is applicable to the factual situation here, presents the only question necessary for our determination.

■■ The assigned account is for "work and labor" and this constitutes an "account" or "account receivable" under section 1 (1) of chapter 120. Barr did not have notice of the assignment, and while it may be conceded that said chapter has not been generally construed as applicable to all accounts receivable, nevertheless the language of the act is such as to include the assignment here under consideration. The assignee, A. L. Betke, did not avail himself of the provisions of chapter 120, supra, so as to become a "protected assignee" thereunder. The provisions of said chapter were wholly ignored by the

assignor and assignee. The assignment in question was valid and enforceable as between the assignor and his debtor and the assignee, but invalid as to a judgment creditor of the assignor without notice of the assignment. There having been no compliance with the provisions of chapter 120 and Barr having had no notice of the assignment, her right to the fund paid into court is superior to that of the assignee, and the trial court correctly so adjudged.

The judgment is affirmed.