No. 46,053

WALTER J. NELSON, *Plaintiff*, v. JOSEPH A. BOULA, *Defendant*, and EVART MILLS, *Claimant-Appellee*, v. CLARENCE W. BURNETTE and LEONARD H. EATON, *Garnishers-Appellants*.

(486 P. 2d 1340)

Opinion filed July 16, 1971.

*H. Dean Cotton*, of McPherson, argued the cause and *Archie T. MacDonald*, of McPherson, was with him on the brief for garnisher-appellant, Clarence W. Burnette.

*H. W. Hopp*, of McPherson, was on the brief for garnisher-appellant, Leonard H. Eaton.

*Evart Mills*, of McPherson, argued the cause and was on the brief *pro se*.

The opinion of the court was delivered by

KAUL, J.: The subject of this controversy is a judgment in the amount of $1,142.46 which was obtained by plaintiff, Walter J. Nelson, in an action against defendant, Joseph A. Boula. In proceedings prior to the judgment resulting in this appeal, the litigation had resolved into a dispute between Evart Mills, claimant-appellee, who claims the funds by right of an assignment from Nelson and/or by an attorney's lien and Clarence W. Burnette and Leonard H. Eaton, garnishers-appellants, who claim their garnishments of the funds in question are prior and superior to the assignment to Mills.

Appellee Mills will be referred to as claimant or Mills. Appellants Burnette and Eaton will be referred to jointly as garnishers.

The trial court held the assignment to Mills superior to the garnishment claims and further ruled that in any event Mills's rights to the proceeds of the Boula judgment were paramount by reason of his attorney's lien.

The case involves litigation in the district courts of both Mc-Pherson and Saline Counties.

On July 19, 1968, in the district court of McPherson County, Eaton obtained a judgment against Nelson in the amount of $1,429.64. On November 22, 1968, Burnette obtained a judgment against Nelson in the amount of $1,429.64. Neither judgment has been paid.

On April 28, 1969, in the district court of Saline County, Nelson obtained a judgment in the amount of $1,142.46 against Boula. On the same day Nelson assigned the judgment to Mills. On April 29, the following day, Mills filed an attorney's lien in the Boula case claiming a lien upon the entire amount of the judgment. Mills says that his firm represented Nelson in a mass of litigation and that the fees for professional services and expenses totaled $2,000.00.

On May 9, 1969, Burnette had a garnishment issued on Boula and his attorney, Frank Norton of Salina, which was served on Norton on May 16, 1969. No service was made on Boula. On May 22, 1969, Eaton had a garnishment issued on Boula and Norton which was served on Norton on May 23, but again no service was had on Boula.

On May 28, 1969, Norton answered both garnishments for himself and Boula. The garnishments were issued out of the McPherson district court and Norton's answers of the garnishees were filed therein on June 2, 1969. In his answers Norton acknowledged that, as a result of a stipulation and judgment in the *Nelson v. Boula* case, Boula was indebted to Nelson in the amount of the judgment and was in the process of paying that sum to the clerk of the district court of Saline County. The answers of the garnishees were filed in the McPherson district court on June 2, 1969. Thereafter, all proceedings were had in the district court of Saline County and culminated in the judgment which is the subject of this appeal.

Burnette and Eaton specify several errors on appeal. Their principal contention, and that which we believe governs the disposition of this appeal, is that the trial court erred in according priority to the assignment over their garnishments.

Garnishers claim that under the provisions of K. S. A. 60-2405

the assignment did not become effective as against them until it was filed in the office of the clerk of the district court of Saline County on May 26, 1969. Mills, on the other hand, claims it has long been the settled law of this state that an assignment is superior to a subsequent garnishment and that 60-2405 only broadened the scope of its predecessor (G. S. 1949, 60-3220) in serving as a procedural means to enable a substituted party to pursue his rights against a judgment debtor. Mills further argues that even though 60-2405 was to be construed in the manner proposed by the garnishers they could not prevail since Boula was never served with an order of garnishment and did not appear of record in the garnishment proceedings until his answers were filed on June 2, 1969, several days after the assignment was filed. In support of his position on this later point, Mills cites our recent decision in *Briscoe v. Getto,* 204 Kan. 254, 462 P. 2d 127. While there appears to be merit in the position taken by Mills in this regard, we believe the issue may be resolved by a determination of the effect of 60-2405.

At the outset, it should be pointed out that the validity of the assignment by Nelson of the Boula judgment to Mills, on April 28, 1969, is not challenged. In fact, the assignment is stipulated to by the parties. Burnette and Eaton simply claim the assignment did not become effective as to them until it was filed with the clerk of the district court. There is no contention the assignment was made without consideration or to hinder or delay creditors of Nelson.

It is settled law that property validly transferred or assigned by a defendant cannot thereafter be reached by garnishment. (38· C. J. S., Garnishment, § 77, p. 273; 6 Am. Jur. 2d, Attachment and Garnishment, § 461, pp. 883, 884.) This is a necessary consequence of the principle that garnishment will reach only such property as belongs to a defendant. (K. S. A. 60-717 [c], now 1970 Supp.)

In *Hall v. Terra Cotta Co.,* 97 Kan. 103, 154 Pac. 210, it was said:

"The general rule is that garnishment, like other proceedings *in invitum,* only affects the actual property, money, credits and effects of the debtor in the hands of the garnishee, and the rule relating to *bona fide* holders or purchasers without notice has no application (citing cases)." (p. 105.)

See, also, *Chatterton v. Clayton,* 150 Kan. 525, 95 P. 2d 340; *Schmidt v. Sullivan,* 145 Kan. 627, 66 P. 2d 548; *Curry v. Bunds,* 145 Kan. 476, 66 P. 2d 584; and *Bank v. Schuetz,* 103 Kan. 229, 173 Pac. 278.

In *Chatterton v. Clayton,* supra, the holding in *Hall v. Terra Cotta Co.,* supra, was quoted with approval and it was further said:

". . . a creditor in garnishment is not aided by the mere fact he did not have notice or knowledge of a previous assignment of the property or fund he seeks to reach. . . ." (p. 527.)

The rule applies even though the judgment was orally assigned. In *Gilmore v. Bank,* 90 Kan. 405, 133 Pac. 726, it was held:

"A judgment may be assigned by parol, and after the assignment may be enforced by the assignor in the name of the original plaintiff." (Syl. ¶ 2.)

Garnishers argue in essence that 60-2405 nullifies the prevailing rule in that a prior filing of an assignment is now necessary in order that it be accorded priority over a garnishment.

K. S. A. 60-2405 of our new code of civil procedure prescribes the procedure for the substitution of a judgment creditor. It reads:

"**Substitution of judgment creditor.** Any person who claims to have succeeded to the interest of the holder of a judgment by appointment as personal representative for a deceased or incompetent judgment holder, by assignment, by operation of law, or otherwise, shall file with the clerk a copy of his letters as personal representative, assignment, or proceedings effecting such transfer, and thereafter such successor in interest shall be entitled to all the rights and remedies available to his predecessors and may proceed to enforce the same in his own name as such successor. If the validity of any such transfer be controverted by any party affected thereby, the court shall, on reasonable notice to all interested parties whose whereabouts are known, determine the respective rights and liabilities of all the parties."

K. S. A. 60-2405 is a section of Article 24 dealing with executions and orders of sale.

While it is more comprehensive than its predecessor G. S. 1949, 60-3220, which applied only to the death of a party to a judgment, the purpose of 60-2405 is essentially the same, *i. e.,* to substitute the "successor in interest" for the "judgment creditor" and give the successor the right to enforce the judgment by merely filing proof of the succession of the interest with the clerk of the court. In other words, the subject section is intended to provide an assignee or any successor with the means to enforce the judgment to which he has succeeded rather than to aid a creditor in garnishment by reason of the mere fact that he did not have notice of a previous assignment.

A further purpose of the statute is to authorize the determination by the court of the rights and liabilities of the parties if the validity of the transfer is controverted. As we have previously pointed out, the validity of the assignment here is not controverted.

In Gard, Kansas Code of Civil Procedure Annotated, § 60-2405, the author comments:

". . . Its purpose is to substitute the successor in interest for the judgment creditor and give him the right to step into the shoes of the judgment creditor and collect or enforce the judgment. No procedural machinery is necessary as in the case of substitution of parties to a pending action where one has died. Simply filing the evidence of successorship with the clerk is all that is required. If there are conflicting claims they may be threshed out in the execution proceedings." (p. 805.)

Similar comments on the subject may be found in 6 Vernon's Kansas Statutes Annotated, Code of Civil Procedure (by Fowks, Harvey and Thomas) § 60-2405, p. 147 (discussion written by Charles N. Henson), and in Volume 12 Kansas Law Review (1963), p. 75, "Some Comments on the New Code of Civil Procedure," by Emmet A. Blaes.

Garnishers cite two cases from other jurisdictions, neither of which is applicable because of the particular statutes involved. In *Mottet v. Stafford,* 94 Wash. 572, 162 Pac. 1001, the court recognized the general rule and the soundness thereof in the absence of countervailing statutes, but pointed out that the applicable Washington statute (Rem. Code, § 664) specifically authorized garnishment of money in the hands of a defendant when the judgment had not been previously assigned *on the record.* Thus, a garnishment necessarily took precedence over an unrecorded assignment. The case of *Ware v. Barr,* 126 Colo. 311, 248 P. 2d 1073, involved a Colorado statute dealing specifically with the assignments of accounts receivable (C. R. S. 1963, 11-2-1), which explicitly required the recording of the assignment of such accounts in order that the assignment be protected.

We have examined other points raised; however, since what has been said effectively disposes of this appeal a further discussion is unnecessary.

The judgment is affirmed.