NOT DESIGNATED FOR PUBLICATION

No. 126,038

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNA G. SMITH,
*Appellant.*


MEMORANDUM OPINION

Appeal from Bourbon District Court; STEVEN C. MONTGOMERY, judge. Submitted without oral argument. Opinion filed January 31, 2025. Vacated in part and case remanded with directions.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., GARDNER and COBLE, JJ.


PER CURIAM: Kenna G. Smith was convicted of mistreatment of a dependent adult, a severity level 5 person felony. As a part of her restitution, the district court ordered Smith to assign to her victim her interest in an unrealized inheritance and to name the victim the beneficiary of her life insurance policy. Although Smith invited the district court to make that order, she now claims this restitution part of her sentence is illegal. After careful review, we agree. We thus vacate the district court's restitution order and remand for further proceedings.

1

*Factual and Procedural Background*

In 2018, Smith was charged with mistreatment of an elder person, a severity level 3 person felony. Smith agreed to plead no contest to an amended count of mistreatment of an elder person, a severity level 5 person felony. In exchange for the reduction of Smith's crime's severity level, the plea agreement authorized the State to seek a restitution order up to $548,892.86, which is more than the elements for a severity level 5 mistreatment of an elder person require. See K.S.A. 21-5417(b)(2)(B), (D).

Before the plea hearing, Smith moved for a dispositional departure. She also filed a brief on restitution, arguing for the district court to impose a restitution order totaling $156,700. At the plea hearing, Smith entered a no-contest plea to the amended count.

The district court later held a lengthy evidentiary hearing on restitution. Smith does not challenge the amount of restitution, so the details of that hearing are largely unnecessary. After the district court set the amount of restitution at $510,492.86, Smith told the district court that she could pay $750 a month toward her restitution. She also told the court of two assets she wished to use to help satisfy her restitution obligation. First, she said she was the named beneficiary of an expected inheritance from an ill relative valued at approximately $250,000, and she would designate that inheritance to her victim's estate. Second, Smith said she had a life insurance policy for $1,000,000, and she would designate, as a beneficiary to that life insurance policy, any party the court ordered to satisfy her remaining restitution obligation.

The district court asked the attorneys how such a goal could be executed and whether they intended for the court to place a lien on those assets. In response, the State proposed the district court place a lien on the inheritance and order Smith to name the victim's estate as the beneficiary of her life insurance plan. Ultimately, the district court ordered Smith: (1) to pay $750 per month in restitution; (2) to assign her inheritance

2

from the estate of the ill relative to the victim of her crime or his estate; and (3) to designate her victim or his estate the beneficiary of her life insurance plan.

The district court then denied Smith's motion for a downward dispositional departure and sentenced her to 32 months' imprisonment and 24 months' postrelease supervision.

Smith now appeals the district court's restitution order.

*Was the District Court's Restitution Order an Illegal Sentence?*

Smith argues that the district court's restitution order, which required her to sign over her unrealized inheritance and to change the beneficiary on her life insurance policy, was an illegal sentence under K.S.A. 22-3504 so it must be vacated.

"Restitution is part of a sentence." *State v. Johnson*, 309 Kan. 992, 996, 441 P.3d 1036 (2019). An illegal sentence is one "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 22-3504(c)(1). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which an appellate court has unlimited review. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). Resolution of this appeal requires the interpretation of statutes, which is a question of law over which this court has unlimited review. *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022). An illegal sentence may be corrected "at any time while the defendant is serving such sentence." K.S.A. 22-3504(a).

Smith argues that the district court's restitution order to assign her future inheritance from her relative's estate and to make Smith's victim the designated

3

beneficiary of her life insurance policy was illegal because it does not conform to the applicable statutory provision—K.S.A. 21-6604(b)(1). See K.S.A. 22-3504(c)(1). The State counters that neither this statute nor any other prohibits doing what the court did.

We first address a procedural issue raised by the State. The State argues that Smith invited any error by asking the sentencing court to rule exactly as it did on the issue of restitution. Although the State is correct that Smith did just that, a defendant cannot agree to an illegal sentence. See *State v. Hankins*, 304 Kan. 226, 231, 372 P.3d 1124 (2016). Accordingly, the invited error doctrine does not apply. *State v. Lehman*, 308 Kan. 1089, 1093, 427 P.3d 840 (2018) ("[A] party cannot be bound by a requested illegal sentence through the invited error doctrine."). We thus reach the merits of Smith's motion.

In Kansas, criminal restitution has no basis in common law. It is controlled entirely by statute. *State v. Arnett*, 314 Kan. 183, 189, 496 P.3d 928 (2021) ("[C]riminal restitution as we know it today was not part of the common law at all in 1859."). Accordingly, our analysis of the merits of Smith's appeal is grounded in the text of the restitution statute and its interpretation.

The most fundamental rule of statutory interpretation is that the intent of the Legislature governs if that intent can be determined. An appellate court must first try to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022). With these underlying principles in mind, we move to the text of the applicable statutes.

The controlling statute is K.S.A. 21-6604(b), which authorizes the district court to impose restitution: "(1) Restitution shall be due immediately unless: (A) The court orders

4

that the defendant be given a specified time to pay or be allowed to pay in specified installments; or (B) the court finds compelling circumstances that would render restitution unworkable, either in whole or in part."

The statute says nothing about what assets the defendant may use to meet its restitution obligation.

Nor does the statute allow a district court to specify what assets the defendant must use for restitution. K.S.A. 21-6604(b)(1) gives the district court only limited options: (1) It can order the defendant to pay the full amount of restitution immediately; (2) it can order the defendant to pay the full amount of restitution at a later specified time; (3) it can order the defendant to make partial payments in specified installments; or (4) it can find restitution unworkable in whole or in part. The district court's order for Smith to pay $750 per month in restitution fits within the statute's language permitting the defendant to pay in specified installments and is not challenged on appeal.

But the district court's order for Smith to assign her potential inheritance from the estate of her ill relative to the victim or his estate and to designate her victim or his estate the beneficiary of Smith's life insurance plan fits none of K.S.A. 21-6604(b)'s options. No payment to the beneficiary of Smith's life insurance policy can occur until some unspecified date after Smith dies. Similarly, no payment to a beneficiary of her relative's estate can be made until some unspecified date after her relative dies. Both deaths are conditions precedent to Smith's payment of restitution, yet neither of those will enable restitution to be paid at a later "specified time." We do not read this plain language to mean a "specified event" that will occur in the future at some unspecified time, nor does the State invite us to do so. Nor is an order to pay restitution after the deaths of Smith and her relative an order for Smith to make partial payments in "specified installments." This part of the district court's order thus went beyond the limited options for restitution orders under the plain language of K.S.A. 21-6604(b).

5

Under K.S.A. 21-6604(b), a court's options are concrete—to order restitution to be paid immediately, to be paid at a specified time, or to be paid in specified installments. Nothing in the statute's language permits a defendant to postpone all or most of a restitution payment until after her death, someone else's death, or until the occurrence of any future event or contingency. To make the victim await those events before receiving compensation and to permit the defendant not to pay during her lifetime contradicts both goals of restitution, which are "compensation to the victim and deterrence and rehabilitation of the guilty." *State v. Meeks*, 307 Kan. 813, 820, 415 P.3d 400 (2018).

Still, the State argues that this restitution order was proper under another subsection—K.S.A. 21-6604(b)(2). That subsection permits garnishment procedures to be used to collect restitution:

> "If the court orders restitution, the restitution shall be a judgment against the defendant that may be collected by the court by garnishment as provided in article 7 of chapter 60 of the Kansas Statutes Annotated, and amendments thereto, or other execution." K.S.A. 21-6604(b)(2).

See *Arnett*, 314 Kan. at 196. Article 7 of chapter 60 is the procedure for civil attachment and garnishment after a judgment. See K.S.A. 60-701et seq.

The State correctly argues that intangible personal property is generally subject to garnishment, so an inheritance may be garnished under certain conditions in K.S.A. 60-732(c)(2). We recognize that a party may, for example, assign a new beneficiary to a life insurance policy under a settlement agreement and can be restrained from changing the beneficiary to another after such an agreement is reached. See *Nicholas v. Nicholas*, 277 Kan. 171, 180, 83 P.3d 214 (2004). But we are not examining a settlement agreement here. And the fact that garnishment may be used to collect outstanding restitution does

6

not validate a restitution order that is outside the plain language of the restitution statute. So K.S.A. 21-6604(b)(2) does nothing to save the district court's restitution order here.

What is more, common sense dictates that when a court uses garnishment procedures to collect restitution, it must follow the rules of garnishment. One of those rules is that a judgment against the garnishee must be limited to the actual, and not apparent, property of the defendant in the possession or under the control of the garnishee at the time the garnishee summons is served. *Septer v. Boyles*, 149 Kan. 240, Syl., 86 P.2d 505 (1939). See K.S.A. 2023 Supp. 60-729; K.S.A. 60-732(c) ("The order of garnishment shall have the effect of attaching: (1) All intangible property . . . belonging to or owing the judgment debtor, other than earnings, which is in the possession or under the control of the garnishee."); *LSF Franchise REO I v. Emporia Restaurants, Inc.*, 283 Kan. 13, 21-22, 152 P.3d 34 (2007) (garnishment proceedings affect only property owned by judgment debtor). The State does not show that this rule is met here.

But even if Smith's future inheritance and life insurance could be used to satisfy her restitution obligation, the State fails to show that the garnishment procedures were followed. Both attachment and garnishment require written orders to be effective. See K.S.A. 60-706; K.S.A. 2023 Supp. 60-731. No such orders are in the record on appeal, and we have no other indication that the district court entered an order of attachment or order of garnishment. Under K.S.A. 2023 Supp. 60-731(a), a garnishment order cannot be entered on the same day the judgment underlying the garnishment order is entered. "As an aid to the collection of a judgment, an order of garnishment may be obtained *at any time after* 14 days following judgment." (Emphasis added.) And an order of garnishment before judgment may be obtained only "upon order of a judge of the district court pursuant to the procedure to obtain an order of attachment." K.S.A. 60-730. But here, neither of these requirements was satisfied—14 days had not passed, nor had the procedures to obtain a proper prejudgment order of garnishment been followed. A court

cannot collapse an order of restitution with an order of garnishment or other collection procedures.

Similarly, the restitution statute, K.S.A. 21-6604(b)(2), establishes a garnishment procedure:

> "If, after 60 days from the date restitution is ordered by the court, a defendant is found to be in noncompliance with the restitution order, the court shall assign an agent procured by the judicial administrator pursuant to K.S.A. 20-169 . . . to collect the restitution on behalf of the victim."

Nothing shows that this means to collect for unpaid restitution was pursued here, either. And nothing in this statute or in the general garnishment statutes above suggest the validity of the district court's restitution order here, which made restitution dependent upon some future event or contingency.

Because Smith's sentence does not comply with the applicable provisions for restitution in K.S.A. 21-6604(b), we vacate the district court's restitution order in part and remand the case to the district court to reconsider its restitution award in light of this opinion and any intervening events.

Vacated in part and case remanded with directions.

8